Filed 10/1/24  P. v. Oduno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GIOVANY ODUNO,<br><br>    Defendant and Appellant. | D083043<br><br><br><br>(Super. Ct. No. SCN370712) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with instructions.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Giovany Oduno appeals the denial of his motion for resentencing under Penal Code[1] section 1172.75. Because the trial court's ruling was based on an erroneous interpretation of section 1172.75, we reverse and remand for full resentencing.

In 2017, a jury convicted Oduno of residential burglary. (§§ 459, 460, subd. (a).) The trial court found true that Oduno had a prison prior (§ 667.5, subd. (b)), a serious felony prior (§§ 667, subd. (a)(1) & 1192.7, subd. (c)), and a strike prior (§§ 667, subds. (b)–(i) & 1170.12). At sentencing, the court imposed a prison term totaling 13 years and struck the punishment for the prison prior under section 667.5, subdivision (b). In 2019, Oduno was resentenced after being convicted of residential burglary in another case. The court reimposed the same sentence it had originally imposed, plus the additional term from the new conviction to run consecutively. The court reiterated that it was striking the punishment for the prison prior.

Effective January 1, 2022, section 1172.75 was added to the Penal Code by virtue of the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.). (Stats. 2021, ch. 728, § 3.) With one exception not applicable here, section 1172.75 provides that prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b) are "legally invalid." (§ 1172.75, subd. (a).) It directs the Department of Corrections (CDCR) to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, "[i]f the court determines that the current

---

[1] Further undesignated statutory references are to the Penal Code.

judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" unless the court finds a lesser sentence would endanger public safety. (*Id.*, subd. (d).)

The CDCR identified Oduno as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5, subdivision (b). After appointing counsel to represent Oduno, the court held a hearing in September 2023 and denied Oduno's petition. In a short minute order, the court noted that Oduno's prison prior "was struck" both at his 2017 sentencing and again at his 2019 resentencing. The court reasoned that because the prison prior was not part of his current sentence, and because Oduno was "not currently serving a prison term that includes the imposition of any prison priors," he was ineligible for relief.

The dispositive issue presented in Oduno's appeal is whether the trial court erred in its interpretation of section 1172.75. He contends it did, and that the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether it was imposed and executed or imposed and stayed. The People contend the court did not err, because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed. On our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), and consistent with this court's prior decisions on the issue, we conclude Oduno has the better argument. Accordingly, we will reverse the order and remand for full resentencing.

Since the trial court denied Oduno's petition, the proper interpretation of section 1172.75 in this context has been the subject of conflicting published appellate opinions, and our Supreme Court has granted review to resolve the conflict. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283; *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853; *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*).)

In *Renteria*, the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground that the word "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria*, *supra*, 96 Cal.App.5th at p. 1282.) The Sixth Appellate District reversed, holding that "imposed" includes "enhancements that are imposed and then *executed* as well as those that are imposed and then *stayed*." (*Ibid.* [cleaned up].)

In *Rhodius*, a different division of our court reached the opposite conclusion, relying heavily on *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*), in which the California Supreme Court interpreted the word "imposed" as used in section 12022.53, subdivision (f), to mean imposed and executed. Examining section 1172.75 as a whole, the *Rhodius* court observed subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length of a sentence is if it had been imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, review

4

granted.)  It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence," including a legislative analysis that found sentencing enhancements "put significant financial burdens on taxpayers and families statewide." (*Rhodius*, at pp. 46–47 [cleaned up].)

This court, in *Christianson*, rejected a narrow interpretation of section 1172.75 and held that section 1172.75 applies to cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted.)  Although we considered the word "imposed" in section 1172.75, subdivision (a) to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed*." (*Christianson*, at p. 311.)  We observed that subdivision (a) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed." (*Christianson*, at p. 311.)  We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of judgment available to the CDCR to determine whether" the enhancements had been stayed. (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted to encompass stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75.  We explained that when a punishment is stayed, "the trial court retains the ability to lift the stay and impose the term under certain

5

circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) And while in *Gonzalez*, *supra*, 43 Cal.4th at page 1126, the California Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling. In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences[.]" (*Christianson*, at p. 314.) And we found the legislative history to be consistent with our reading of section 1172.75. (*Christianson*, at p. 316.)

In *Saldana*, the Third Appellate District similarly concluded that section 1172.75 broadly affords relief to all defendants with a now-invalid section 667.5, subdivision (b) enhancement, regardless of whether execution of the enhancement was stayed. In doing so, it relied on reasoning from *Christianson*, and disagreed with the *Rhodius* court's view that defendants whose sentences include stayed enhancements would not be subject to a lesser sentence if their enhancement was stricken. (*Saldana*, *supra*, 97 Cal.App.5th at pp. 1277, 1278, review granted.) The Fifth Appellate District in *Mayberry* and the Sixth Appellate District in *Espino* also agreed with *Christianson*. (*Mayberry*, *supra*, 102 Cal.App.5th at p. 675, review granted; *Espino*, *supra*, 104 Cal.App.5th at pp. 194–201.)

Oduno asks us to interpret section 1172.75 as we did in *Christianson* to include all cases in which the trial court imposed a prior prison term as a

6

part of the original judgment.[2]  In response, the People ask us to follow *Rhodius* rather than *Christianson*, and hold that section 1172.75 does not apply to an imposed and stayed section 667.5, subdivision (b) enhancement.

We decline the People's request.  "We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson*.  (*Espino*, *supra*, 104 Cal.App.5th at p. 196.)  "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division."  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)  *Christianson* is a decision of this appellate division, and the People have not provided us with a compelling reason for reconsidering it.  Although they assert that *Rhodius* is the "better-reasoned analysis," we were aware of *Rhodius* when we decided *Christianson* and we expressly disagreed with the *Rhodius* court's interpretation of section 1172.75.  (See *Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8, review granted.)

Accordingly, we adopt the reasoning and holding of *Christianson* and conclude that section 1172.75 affords relief to defendants like Oduno whose abstracts of judgment include one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed.  Oduno is therefore entitled to a recall of his sentence and full resentencing upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion."  (§ 1172.75, subd. (d)(2).)

---

[2]  Oduno also argues that a prison prior for which punishment was stricken should be treated in the same manner as a prison prior for which punishment has been stayed.  We agree.  (See *Espino*, *supra*, 104 Cal.App.5th at p. 196 [holding that under section 1172.75, subdivision (a), any sentence enhancement that was "imposed" should be interpreted to mean any enhancement that the sentencing court "included in a judgment, whether punishment for it was executed, stayed, or struck."].)

## DISPOSITION

The order denying Oduno's motion for resentencing is reversed and the matter is remanded to the trial court with instructions to grant the motion, recall Oduno's sentence, and resentence him consistent with section 1172.75 and current law.

BUCHANAN, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

8